# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **LARRY CLEMENS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 16-4820** |
| | : | |
| **WARDEN SCI GREENE**, *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

**Rufe, J.**   **February 20, 2018**

Plaintiff Larry Clemens brings this *pro se* civil rights action alleging various claims against Defendants Robert Gilmore, Susan Cowan, Charles Fowler, Cynthia Link, Jeffrey Baker, and Laurel Harry.[1] Defendants are employees of three State Correctional Institutions ("SCI") in which Plaintiff was incarcerated: SCI Greene, SCI Graterford, and SCI Camp Hill. Defendants have moved to dismiss the amended complaint for lack of jurisdiction and for failure to state a claim. For reasons that follow, the motion will be granted.

## I.   BACKGROUND

Plaintiff is currently incarcerated at SCI Greene, but was previously held at SCI Graterford and SCI Camp Hill.[2] Plaintiff alleges several issues with his confinement at these institutions.[3] First, Plaintiff explains that at some point during his incarceration, one of his Bibles was confiscated.[4] Second, Plaintiff asserts that he was denied commissary privileges,

---

[1] Although the complaint names the Wardens of SCI Greene, SCI Graterford, and SCI Camp Hill as Defendants, these facilities are managed by Superintendents instead of Wardens. Specifically, Robert Gilmore is the Superintendent at SCI Greene, Cynthia Link is the Superintendent of SCI Graterford, and Laurel Harry is the Superintendent of SCI Camp Hill.

[2] Am. Compl. (Doc. No. 11) at 1.

[3] Importantly, however, Plaintiff does not identify at which SCI any of the complained of events occurred.

[4] Am. Compl. (Doc. No. 9) at 9.

preventing him from purchasing soap, batteries, and tobacco.[5]  Third, Plaintiff states that he was assigned cellmates even though he had a "Z-Code" and was not supposed to have cellmates.[6]  Fourth, Plaintiff explains that he was written up by Defendant Charles Fowler for "minor infractions."[7]  Fifth, Plaintiff states that he was placed in the Restricted Housing Unit ("RHU") for seemingly minor infractions or for no infractions at all.[8]  Last, he states that he was subjected to verbal abuse by prison officials.

On September 7, 2016, Plaintiff initiated this action against Defendants.  Plaintiff subsequently filed an amended complaint.[9]  Defendants move to dismiss the amended complaint for lack of jurisdiction and for failure to state a claim.

## II. LEGAL STANDARDS

### A. Rule 12(b)(1) Lack of Jurisdiction

A defendant may move to dismiss a civil action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[10]  The plaintiff, then, bears the burden of establishing subject matter jurisdiction.[11]  In considering the 12(b)(1) motion, "no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[12]  A court may "make factual findings, beyond the pleadings, that [are] decisive to determining

---

[5] Am. Compl. (Doc. No. 11) at 2.

[6] *Id.*

[7] *Id.* at 3.  Plaintiff does not allege at which SCI Fowler is employed.

[8] Am. Compl. (Doc. No. 9) at 2-3.

[9] After Plaintiff filed the amended complaint, the Court ordered him to file a more legible amended complaint.  *See* Doc. No. 10.  Plaintiff did so on March 20, 2017.  *See* Doc. No. 11.  The Court construes these two pleadings as the operative amended complaint in this case.  *See* Am. Compls. Doc. Nos. 9, 11.

[10] Fed. R. Civ. P. 12(b)(1).

[11] *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

[12] *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977).

2

jurisdiction."[13] If the Court determines that it lacks subject matter jurisdiction, Federal Rule of Civil Procedure 12(h)(3) requires dismissal.[14]

### B. Rule 12(b)(6) Failure to State a Claim

Dismissal for failure to state a claim is appropriate if the complaint fails to allege facts sufficient to establish a plausible entitlement to relief.[15] In evaluating Defendants' motions, the Court "take[s] as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them," but "disregard[s] legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements."[16] Instead, to prevent dismissal, a complaint must "set out sufficient factual matter to show that the claim is facially plausible."[17] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18]

## III. ANALYSIS

Plaintiff raises several claims against Defendants pursuant to 42 U.S.C. § 1983. Defendants first argue that they are entitled to immunity under the Eleventh Amendment, which would deprive the Court of jurisdiction. Defendants also argue that Plaintiff has failed to exhaust administrative remedies, to state a constitutional violation, and to allege facts showing each Defendant's personal involvement.

---

[13] *CNA v. United States*, 535 F.3d 132, 145 (3d Cir. 2008) (citation omitted).

[14] Fed. R. Civ. P. 12(h)(3).

[15] *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

[16] *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

[17] *Fowler*, 578 F.3d at 210 (citation and internal quotation marks omitted).

[18] *Santiago*, 629 F.3d at 128 (citation and internal quotation marks omitted).

### A. The Eleventh Amendment Bars Plaintiff's Claims for Damages Against Defendants in their Official Capacities

The Eleventh Amendment is a jurisdictional bar which prohibits suits in federal court against a state or its agencies.[19] Specifically, "the Eleventh Amendment bars a suit for monetary damages against state officials sued in their official capacities."[20] Accordingly, to the extent Plaintiff seeks money damages against Defendants for actions taken in their official capacity, his claims will be dismissed.

However, the Eleventh Amendment does not bar claims against state officials for actions taken in their individual capacity,[21] nor does it bar claims for prospective injunctive relief against a state official in his official capacity.[22] Thus, to the extent Plaintiff seeks such relief, his claims will not be dismissed on this basis.

### B. Plaintiff's Claims Will Not Be Dismissed at This Stage for Failure to Exhaust Administrative Remedies

Defendants assert that Plaintiff's claims should be dismissed because Plaintiff failed to exhaust administrative grievances prior to filing suit. Pursuant to the Prison Litigation Reform Act ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.[23]

As a general rule, inmates who fail to fully complete the prison grievance process are barred

---

[19] *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)).

[20] *Ball v. Oden,* 425 F. App'x 88, 88-89 (3d Cir. 2011) (citation omitted).

[21] *See Randolph v. Wetzel*, 987 F. Supp. 2d 605, 613-14 (E.D. Pa. 2013) (citing *West v. Keve*, 571 F.2d 158, 163 (3d Cir. 1978)).

[22] *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991) (finding that a state official may be liable for prospective injunctive relief under § 1983 for actions taken in his or her official capacity).

[23] 42 U.S.C. § 1997e(a).

from subsequently litigating claims in federal court.[24] A court must examine whether a prisoner has properly exhausted his claim "by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials."[25] Defendants must plead and prove the failure of a prisoner to exhaust administrative remedies as an affirmative defense.[26]

Courts, however, have acknowledged that the exhaustion requirement may be affected by prison officials' refusal to provide a prisoner with the necessary grievance forms.[27] In this case, Plaintiff asserts that although he filed grievance forms, his forms were never processed.[28] Accepting all factual allegations in the amended complaint as true, the Court concludes that at this stage, Plaintiff has pled facts precluding Defendants' affirmative defense of exhaustion.

### C. Plaintiff's Claims Must Be Dismissed Because He Failed to State a Constitutional Violation

Construed liberally, Plaintiff alleges his conditions of confinement were unconstitutional. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a person acting under color of state law engaged in conduct that violated a right protected by the Constitution or laws of the United States.[29] In an Eighth Amendment conditions of confinement claim, the plaintiff "must show that he was subjected to a sufficiently serious deprivation that resulted in the denial of 'the minimal civilized measure of life's necessities,' and that prison officials were "deliberately

---

[24] *See, e.g., Booth v. Churner*, 206 F.3d 289, 299-300 (3d Cir. 2000).

[25] *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004).

[26] *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

[27] *See Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003); *see also McKinney v. Guthrie*, 309 F. App'x 586, 588 (3d Cir. 2009).

[28] Am. Compl. (Doc. No. 9) at 4. The amended complaint also seems to suggest that, at times, Plaintiff did not file grievance forms because he believed that they would not be processed. *Id.* at 5.

[29] *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996)).

indifferent" to the plaintiff's safety.[30] "[L]ife's necessities" include "food, clothing, shelter, sanitation, medical care and personal safety."[31]

Here, the allegations contained in the amended complaint, taken as true, fail to establish that Plaintiff suffered a sufficiently serious deprivation of life's necessities, or that Defendants were deliberately indifferent to his safety. Although Plaintiff alleges that one of his Bibles was confiscated, that he was assigned cellmates, that prison officials "harassed" him, and that at some point he was denied commissary privileges which prevented him from purchasing soap, batteries, and tobacco, as alleged these conditions are not the sort of "sufficiently serious" deprivations of Plaintiff's life necessities required to state an Eighth Amendment claim.[32] As to Plaintiff's allegation that, at some point during his incarceration, he was confined to the RHU, the amended complaint is devoid of facts explaining the conditions in the RHU or the duration of his confinement. Even if these conditions amounted to a sufficiently serious deprivation, there are no facts pled in the amended complaint demonstrating that Defendants were deliberately indifferent to Plaintiff's safety during his incarceration at any of the three institutions, which is fatal to Plaintiff's claims.[33] Thus, Plaintiff has failed to plead facts stating a constitutional violation.

Plaintiff also mentions that his First Amendment right to the free exercise of religion was violated when one of his Bibles was confiscated. "Inmates clearly retain protections afforded by

---

[30] *Jones v. County Jail C.F.C.F.*, 610 F. App'x 167, 168 (3d Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

[31] *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997).

[32] *See Dockery v. Beard*, 509 F. App'x 107, 112-13 (3d Cir. 2013) (citing cases and concluding that the inmate's claims of being denied access to or restricted in his diet, showers, and exercise by prison officials was not a sufficiently serious deprivation to establish a constitutional violation for a confinement claim); *see also Durham v. NJSP-SCO Vekios*, No. 09-5376, 2010 WL 5479633, at *5 (D.N.J. Dec. 22, 2010) (citing cases and explaining that "[g]enerally, . . . mere verbal harassment does not give rise to a constitutional violation").

[33] *See Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014).

the First Amendment, including its directive that no law shall prohibit the free exercise of religion."[34] However, the United States Supreme Court has recognized that incarceration "brings about the necessary withdrawal or limitation of many privileges and rights."[35] In this way, courts have held that a prison regulation or action "that impinges on an inmate's right to free exercise of religion is valid [only] if it is reasonably related to legitimate penological interests."[36]

Here, Plaintiff explains that he was using two Bibles for cross-referencing purposes when, at some point during his incarceration, one of the Bibles was confiscated. It is unclear whether the confiscation of one Bible, when Plaintiff has another, impinged on his free exercise right.[37] Construed liberally, even if it were enough to allege a violation, as explained below, the amended complaint fails to plead facts showing that Defendants were involved in this incident. Therefore, this claim will also be dismissed.

### D. Plaintiff's Claims Must Be Dismissed Because He Failed to Allege the Personal Involvement of Each Defendant in Any Purported Wrongdoing

Defendants argue that the amended complaint fails to allege any personal involvement on the part of each Defendant in imposing the conditions of which Plaintiff complains. To state a § 1983 claim, a plaintiff must allege that each defendant had "personal involvement in the

---

[34] *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted).

[35] *Id.* (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948)).

[36] *Dunn v. Sec'y Pa. Dep't of Corr.*, 490 F. App'x 429, 431 (3d Cir. 2012) (citing *O'Lone*, 482 U.S. at 348; *Turner v. Safley*, 482 U.S. 78, 89 (1987) (internal quotation marks omitted).

[37] *See Piskanin v. Hammer*, 269 F. App'x 159, 162 (3d Cir. 2008) (holding that the confiscation of a pretrial detainee's religious medal as a security precaution did not establish a § 1983 claim for violation of the detainee's free exercise rights); *see also Dunn*, 490 F. App'x at 431-32 (holding that prison officials' restrictions on an inmate's practice of religion by, in part, denying him access to religious objects were reasonably related to legitimate penological interests). In this case, Defendants do not address what, if any, penological interests were involved in the alleged Bible confiscation.

7

alleged wrongdoing."[38] This includes "describing the defendant's participation in or actual knowledge of and acquiescence in the wrongful conduct."[39]

The amended complaint fails to allege that Gilmore, Cowan, Link, Baker, or Harry had any personal involvement in, or knew of and acquiesced to, any alleged wrongs Plaintiff experienced. It does not allege that any of these individuals confiscated Plaintiff's Bible, placed him in the RHU, prevented him from making purchases at the commissary, assigned him cellmates, or verbally abused him. It also does not state that any of these individuals knew of and acquiesced to, or were aware of, these incidents. Since Plaintiff has failed to plead any personal involvement on the part of these Defendants, the claims against them will be dismissed.[40]

### E. Amendment of the Amended Complaint

Plaintiff has attempted to file three additional amended complaints without leave of the Court. Since Plaintiff is proceeding *pro se*, the Court has construed these filings as motions for leave to file amended complaints, and has instructed Plaintiff that it will first resolve the instant motion to dismiss before considering these motions for leave to amend. Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires."[41] Among the grounds that could justify a denial of leave to amend are undue delay,

---

[38] *See Flowers v. Phelps*, 514 F. App'x 100, 102 (3d Cir. 2013) ("[L]iability under § 1983 cannot be premised on the theory of respondeat superior; instead, each individual defendants must have personal involvement in the alleged wrongdoing.") (internal quotation marks and citations omitted); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.") (citations omitted).

[39] *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citation omitted).

[40] Charles Fowler is the only Defendant identified by name in the amended complaint, and the only factual allegation against him is that he "wrote [Plaintiff] up for minor infractions." Am. Compl. (Doc. No. 11) at 4. Construed liberally, this lone factual allegation does not state a § 1983 claim against Fowler, nor does it state that Fowler committed a constitutional violation. Thus, the claims against Fowler will also be dismissed.

[41] Fed. R. Civ. P. 15(a)(2).

8

bad faith, dilatory motive, prejudice, and futility.[42]  "[A] district court need not grant leave to amend . . . if 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'"[43]  The Court has reviewed the proposed amendments, and concludes that these pleadings also fail to state a claim for the reasons identified in this memorandum opinion.  Therefore, the Court will allow Plaintiff leave to file a single amended complaint, which must state as to any claim where it occurred, when, for how long, and the specific involvement of any named Defendants.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss will be granted, and Plaintiff will be granted leave to amend consistent with the limitations set forth in this memorandum opinion.  An appropriate order follows.

---

[42] *In re Burlington Coat Factory Securities Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted).

[43] *Kundratic v. Thomas*, 407 F. App'x 625, 630 (3d Cir. 2011) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)).